IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SHERRY MARIE WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>THE NEW BAKERY TRANSPORTATION COMPANY, LLC., BIMBO QSR OHIO, LLC., ROBERT HASSELBERGERR, and KEVIN LEWIS,<br><br>    Defendants. | JURY DEMAND (12)<br><br>Case No. |

## COMPLAINT

Plaintiff, SHERRY MARIE WILSON, by and through counsel, hereby files this civil action against Defendants, The New Bakery Transportation Company, LLC., Bimbo QSR, LLC., and Robert Hasselbergerr based upon the following grounds:

## PARTIES

1. Plaintiff SHERRY MARIE WILSON is a resident and citizen of Madison, Davidson County, Tennessee.

2. Defendant, THE NEW BAKERY TRANSPORTATION COMPANY, LLC ("New Bakery Transportation") on information and belief is a foreign limited liability company with a principal office located at 36 Monroe Street, Chicago, IL 60603. Defendant New Bakery Transportation was at the time of the crash, a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration No. 197620. New Bakery Transportation may be served process by serving its BOC-3 agent for service of process, American Trucking Associations, attention Rocky W. King, III, Fifth Third Center, 424 Church Street, Nashville, TN

EXHIBIT A

37219 and/or its Tennessee registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Defendant, BIMBO QSR OHIO, LLC., ("Bimbo QSR") on information and belief is a foreign limited liability company with a principal office located at 36 Monroe Street, Chicago, IL 60603. Bimbo QSR may be served process by serving its agent for service of process, Corporation Service Company located at 2908 Poston Avenue, Nashville, TN 37203-1312.

4. Defendant ROBERT HASSELBERGERR on information and belief is a resident and citizen of Columbus, Ohio residing at 4360 Malin Drive W., Columbus, OH 43224.

## JURISDICTION AND VENUE

5. The events complained of herein occurred in Davidson County, Tennessee. Jurisdiction and Venue are proper.

## FACTS

6. On or before February 14, 2021, Defendant ROBERT HASSELBERGERR was operating a Tractor Trailer ("Truck") under the authority of NEW BAKERY TRANSPORTATION within the course and scope of his employment and/or as agent and/or as statutory employee of NEW BAKERY TRANSPORTATION.

7. Defendant HASSELBERGERR operated under the authority of NEW BAKERY TRANSPORTATION and/or BIMBO QSR is vicariously liable for his acts and/or omissions, either a company driver or under the doctrine of statutory employee 49 CFR § 390.5; 49 CFR 376.12; 49 USC § 14102(a), under agency theory, *respondeat*

*superior*, master/servant and negligent entrustment.

8. NEW BAKERY TRANSPORTATION owned, operated, managed, maintained, and controlled the Truck operated by Defendant HASSELBERGERR.

9. The Truck operated by Defendant HASSELBERGERR was a 2017 Freightliner ("Truck"), which was hauling a load either for pick-up or delivery on the business of NEW BAKERY TRANSPORTATION, or an unknown non-party motor carrier, shipper and/or broker.

10. Alternatively, NEW BAKERY TRANSPORTATION was doing business under an assumed name BIMBO QSR at the time of the crash and retained NEW BAKERY TRANSPORTATION's motor carrier authority and DOT number for the load in question.

11. As a driver of a "commercial motor vehicle," for the purpose of delivering interstate/intrastate cargo, with a gross vehicle weight rating or gross combination weight rating, of 4,536 kg (10,0001 pounds) or more [49 C.F.R. § 390.3 – 390.5], Defendant HASSELBERGERR was therefore subject to compliance with the provisions of the Federal Motor Carrier Safety Regulations ("FMCSR") and for which a driver was required to possess a valid commercial driver's license ("CDL"). 49 C.F.R. § 383.3.

12. At night and in the freezing rain causing the roadways to become dangerously slick, Defendant HASSELBERGERR drove the Truck southbound on Conference Drive in Goodlettsville, Davidson County, Tennessee.

13. The image below depicts the intersection in question:

3



14. In the area of the crash, Conference Drive is a four-lane road with two travel lanes in each direction. On the southbound overpass, Conference drive expands to four lanes, consisting of two left turn lanes and two straight lanes.

15. Federal regulations require Truck Drivers like Defendant HASSELBERGERR to exercise extreme caution when operating commercial motor vehicles when hazardous conditions such as snow, ice, and sleet adversely affect visibility and traction. Speed shall be reduced when such conditions exist and if conditions are sufficiently dangerous, the operation of the commercial motor vehicle shall be continued.

16. Despite these hazardous conditions, and in violation of federal regulations and

4

industry standards, Defendant HASSELBERGERR decided to continue driving the Truck.

17. Defendant HASSELBERGERR did not maintain a safe distance between the Truck and the vehicles traveling in front of him, nor did he leave himself an out or maintain awareness of his surroundings, all of which caused and/or contributed to this collision.

18. Defendant HASSELBERGERR did not appreciate or understand the operational characteristics of a commercial motor vehicle and did not understand and appreciate the perception and reaction times as well as stopping distances required while operating a commercial motor vehicle, especially given the hazardous conditions at the time of impact.

19. Defendant HASSELBERGERR did not appreciate and understand proper countermeasures for commercial motor vehicles to avoid the impact.

20. As a result of his negligent actions, Defendant HASSELBERGERR struck the rear-end of Plaintiff SHERRY WILSON who was operating a 2017 Nissan Versa.

21. The photograph below depicts the damage to Plaintiff WILSON's vehicle:



22. Prior to this collision, upon information and belief, KEVIN LEWIS while driving his 2014 Dodge Challenger, struck the rear of another motorist, Daniel Vorlet, who was driving a 2018 Toyota Tacoma in the right southbound lane of Conference Drive. Defendant LEWIS's vehicle came to a rest in the right lane angled slightly to the left. Plaintiff SHERRY WILSON, who was traveling behind LEWIS and Daniel Vorlet, moved into the left lane after realizing their vehicles had collided.

23. Plaintiff SHERRY WILSON was stopped in the left lane when the Truck crashed into the rear passenger side of her vehicle. Due to the violent force of the impact, Plaintiff WILSON's vehicle was pushed across several lanes of travel, coming to rest in the left turn lane facing the opposite direction. The Truck also struck the driver side of LEWIS's vehicle in the process.

24. Upon information and belief, Defendant HASSELBERGERR was straddling the dotted white lines that separate the right and left travel lanes on Conference

6

Drive before colliding with Plaintiff SHERRY WILSON.

25. As proximate and legal result of the impact and negligence and negligence *per se* of Defendants, Plaintiff WILSON suffered serious, painful injuries and other harms and losses.

26. Defendant NEW BAKERY TRANSPORTATION and/or BIMBO QSR had the responsibility to hire safe and qualified drivers to operate its commercial motor vehicles.

27. Defendant NEW BAKERY TRANSPORTATION and/or BIMBO QSR hired an unqualified and unsafe driver when it hired Defendant HASSELBERGERR.

28. Defendant NEW BAKERY TRANSPORTATION and/or BIMBO QSR had the responsibility to hire drivers with the required knowledge and skills necessary to operate a commercial motor vehicle safely.

29. Defendant NEW BAKERY TRANSPORTATION and/or BIMBO QSR failed to hire a driver with the required knowledge and skills to safely operate its commercial motor vehicles when it hired Defendant HASSELBERGERR.

30. Defendant NEW BAKERY TRANSPORTATION and/or BIMBO QSR had the responsibility to provide safety training for its drivers before allowing them to operate their commercial motor vehicles.

31. Defendant NEW BAKERY TRANSPORTATION and/or BIMBO QSR failed to provide Defendant HASSELBERGERR with any safety training to ensure he was trained and qualified to drive its commercial motor vehicles, especially under the existing hazardous conditions.

32. Defendant HASSELBERGERR had the responsibility to watch where he was going while operating the Truck on February 14, 2021.

33. Defendant HASSELBERGERR failed to watch where he was going while operating the Truck motor vehicle immediately before he crashed into Plaintiff WILSON.

34. Defendant HASSELBERGERR had the responsibility to maintain control of the Truck he operated on February 14, 2021.

35. Defendant HASSELBERGERR failed to maintain control of the Truck he operated immediately before he crashed into Plaintiff WILSON.

36. Defendant HASSELBERGERR had the responsibility to keep and maintain a proper lookout for traffic on February 14, 2021.

37. Defendant HASSELBERGERR failed to keep and maintain a proper lookout for traffic immediately before crashing into Plaintiff WILSON.

38. Defendant HASSELBERGERR had the responsibility to drive in a manner that would not needlessly endanger the Davidson County community on February 14, 2021.

39. Plaintiff WILSON did nothing to cause the collision described herein.

40. Defendants are 100% responsible for causing the collision described herein.

### COUNT I
### NEGLIGENCE/NEGLIGENT HIRING/RETENTION/ENTRUSTMENT
### (NEW BAKERY TRANSPORTATION / BIMBO QSR)

41. Defendants NEW BAKERY TRANSPORTATION and/or BIMBO QSR had duties to exercise reasonable care in the hiring, training, and retention of drivers,

8

including Defendant HASSELBERGERR, in the operation of trucks to avoid causing injuries and possible death to others, including Plaintiff WILSON. These duties included the duties to comply with all applicable provisions of the Federal Motor Carrier Safety Regulations and Tennessee regulations and laws. 49 C.F.R. § 383, 386, 390, 391, 392, AND 395.

42. Defendants NEW BAKERY TRANSPORTATION and/or BIMBO QSR breached their duties to Plaintiff WILSON by committing the following acts of negligence:

   a) Failing to hire properly qualified and/or trained drivers for operation of commercial trucks, including Defendant HASSELBERGERR;

   b) Failing to properly train/supervise drivers for operation of commercial trucks, including Defendant HASSELBERGERR;

   c) Negligently entrusting unqualified and untrained drivers in the operation of commercial trucks, including Defendant HASSELBERGERR;

   d) Failing to promulgate and enforce adequate safety policies and procedures regarding the operation of its commercial motor vehicles;

   e) Otherwise failing to use reasonable care;

43. These breaches proximately and legally caused the injuries and damages to Plaintiff WILSON, as set forth more fully below.

## COUNT II
## NEGLIGENCE / NEGLIGENCE PER SE
## (ROBERT HASSELBERGERR)

9

44. Defendant HASSELBERGERR was negligent (for which NEW BAKERY TRANSPORTATION and/or BIMBO QSR is liable as statutory employer) and did not use reasonable care by committing one or more of the following acts or omissions:

   a) Negligently and carelessly operating a large commercial motor vehicle without keeping a safe and proper lookout for other vehicles on the roadway;

   b) Failing to avoid a collision, when in the exercise of reasonable care, the collision(s) could have been avoided by DEFENDANTS;

   c) Failing to take proper precautions in making an evasive maneuver;

   d) Failing to exercise extreme caution under the circumstances;

   e) Otherwise failing to exercise reasonable care.

45. Defendant HASSELBERGERR was also negligent *per se* (for which NEW BAKERY TRANSPORTATION and/or BIMBO QSR is liable as statutory employer) by the following violations of Tenn. Code Ann. (which were in effect at all relevant times) of which Plaintiff WILSON was a member of the class intended by the statutes to protect and which was in full force and effect on the date in question:

   a) Tenn. Code Ann. § 55-8-123(1) Driving on Roadways Laned for Traffic;

   b) Tenn. Code Ann. § 55-8-136 Drivers to Exercise Due Care;

   c) Tenn. Code Ann. § 55-8-124: Following too Closely;

   d) Tenn. Code Ann. § 55-8-199: Unlawful Use of Wireless Telecommunication Devices; and

   e) Tenn. Code Ann. § 55-10-205; Reckless driving.

46. As a legal result of the Defendants' negligence and negligence *per se*, Plaintiff WILSON has suffered injuries and damages as set forth herein.

## DAMAGES

47. As a direct and proximate result of the Defendants' negligent acts and/or omissions, Plaintiff WILSON suffered personal injuries and other harms and losses to her body and to her earning capacity.

48. As a direct and proximate result of one or more of the Defendants' acts and/or omissions as indicated above, Plaintiff WILSON became liable for certain medical expenses related to the injuries she suffered from the collision described herein.

49. As a direct and proximate result of one or more of the Defendants' negligent acts and/or omissions as indicated herein, Plaintiff WILSON is entitled to recover damages from one or more of the Defendants for the following:

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, the Plaintiff sues the Defendants and demands judgment against them for compensatory damages for a fair and reasonable sum to be determined by a jury of twelve (12) peers under the law and evidence. Plaintiff further demands any such general relief to which she may be entitled.

Respectfully submitted,

**GRIFFITH LAW, PLLC**

*/s/ Craig P. Glenn*
Jonathan L. Griffith, #19405
Craig P. Glenn, #31439
256 Seaboard Lane, Suite E-106
Franklin, TN 37067
P: (615) 807-7900
F: (615) 656-0994
craig@griffithinjurylaw.com

*Counsel for Plaintiffs*

12